IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY, INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br> Defendants. | CIVIL ACTION NO. 6:12-cv-00016 (LED) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT MOTOROLA MOBILITY, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Motorola Mobility, Inc. ("MMI") files the following answer, affirmative defenses, and counterclaims in response to Plaintiff Adaptix, Inc.'s ("Adaptix's") Original Complaint for Patent Infringement ("Complaint").

**Answers to Adaptix's Allegations of Patent Infringement**

MMI answers the allegations in the separately numbered paragraphs of Adaptix's Complaint as follows:

**Parties**

1.  MMI is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore denies same.

2.  MMI admits that it is a Delaware corporation and that its principal place of business is at 600 N. U.S. Highway 45, Libertyville, IL 60048. MMI further admits that it does business in Texas and may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas, 75201.

3.  MMI is without sufficient information to form a belief as to the truth or falsity of

the allegations in Paragraph 3 and therefore denies same.

## Jurisdiction and Venue

4. MMI admits that this action arises under the Patent Laws of the United States, Title 35. MMI denies it has violated these patent laws. MMI admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. MMI admits that venue is proper this judicial district under 28 U.S.C. §§ 1391 and 1400(b) but denies that this judicial district is the most convenient. MMI admits that it has engaged in business in this judicial district. MMI further denies all remaining allegations of Paragraph 5, either express or implied, as they relate to MMI. As to defendants other than MMI, MMI is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 5 and therefore denies same.

6. MMI admits that this Court has personal jurisdiction over MMI for the purposes of this action. MMI denies the remaining allegations of Paragraph 6, either express or implied, as they relate to MMI. As to defendants other than MMI, MMI is without sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies same.

## Count 1: U.S. Patent No. 7,454,212

7. MMI admits that United States Patent No. 7,454,212 ("the '212 patent") is entitled "OFMDA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING." MMI further admits that a purported copy of the '212 patent was attached to the Complaint as Exhibit A. MMI is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and therefore denies same.

8. MMI denies all allegations of Paragraph 8.

9. MMI denies any allegation that any of MMI's products identified in Paragraph 9

infringes any claims of the '212 patent. MMI is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 and therefore denies same.

10. MMI denies the allegations of Paragraph 10 as they relate to MMI and MMI's products. As to defendants other than MMI and products that are not MMI's, MMI is without sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies same.

11. MMI denies the allegations of Paragraph 11 as they relate to MMI and MMI's products. As to defendants other than MMI and products that are not MMI's, MMI is without sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies same.

### Count 2: U.S. Patent No. 6,947,748

12. With regard to the allegations of Paragraph 12, MMI admits that United States Patent No. 6,947,748 ("the '748 patent") is entitled "OFMDA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING." MMI further admits that a purported copy of the '748 patent was attached to the Complaint as Exhibit B. MMI is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and therefore denies same.

13. MMI denies all allegations of Paragraph 13.

14. MMI denies any allegation that any of MMI's products identified in Paragraph 14 infringes any claims of the '748 patent. MMI is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 and therefore denies same.

15. MMI denies the allegations of Paragraph 15 as they relate to MMI and MMI's products. As to defendants other than MMI and products that are not MMI's, MMI is without

sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies same.

16.   MMI denies the allegations of Paragraph 16 as they relate to MMI and MMI's products.  As to defendants other than MMI and products that are not MMI's, MMI is without sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies same.

### Response to Adaptix's Prayer for Relief

The allegations in the paragraph requesting relief are in the nature of prayer.  Although no answer is required, MMI responds to the individual requests for relief as follows:

A.   MMI denies Adaptix is entitled to the requested judgment;

B.   MMI denies Adaptix is entitled to the requested permanent injunction;

C.   MMI denies Adaptix is entitled to any damages or to any pre-or post- judgment interest;

D.   MMI denies any and all liability for the alleged conduct, denies any relief sought by Adaptix is warranted, and requests Adaptix's requested relief be denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

### Non-Infringement

1.   MMI has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 7,454,212 ("the '212 patent").

2.   MMI has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 6,947,748 ("the '748 patent").

**Patent Invalidity**

3.  The claims of the '212 patent are invalid for failing to comply with one or more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

4.  The claims of the '748 patent are invalid for failing to comply with one or more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

**Prosecution History Estoppel**

5.  Because of proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications which resulted in the '212 patent, as shown by the prosecution history thereof, Adaptix is estopped to claim a construction of any of these patents that would cause any valid and enforceable claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by MMI or any methods performed by a product manufactured, used, sold, or offered for sale by MMI.

6.  Adaptix is further estopped by reason of prosecution history estoppel from asserting infringement of any valid and enforceable claim of the '212 patent against MMI under the doctrine of equivalents.

7. Because of proceedings in the USPTO during the prosecution of the applications which resulted in the '748 patent, as shown by the prosecution history thereof, Adaptix is estopped to claim a construction of any of these patents that would cause any valid and enforceable claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by MMI or any methods performed by a product manufactured, used, sold, or offered for sale by MMI.

8. Adaptix is further estopped by reason of prosecution history estoppel from asserting infringement of any valid and enforceable claim of the '748 patent against MMI under the doctrine of equivalents.

### Waiver, Equitable Estoppel, and Laches

9. Adaptix is barred, in whole or in part, by waiver, equitable estoppel, and/or laches because Adaptix and/or its predecessors in interest to the '212 patent unreasonably delayed filing its claims against MMI.

10. Adaptix is barred, in whole or in part, by waiver, equitable estoppel, and/or laches because Adaptix and/or its predecessors in interest to the '748 patent unreasonably delayed filing its claims against MMI.

### No Irreparable Harm

11. Adaptix is not entitled to injunctive relief because any injury to Adaptix is not immediate or irreparable, and Adaptix has an adequate remedy at law.

### Limitations on Damages

12. Adaptix's recovery for alleged infringement of the '212 patent, if any, is limited to alleged infringement committed no more than six years prior to the filing of this litigation, pursuant to 35 U.S.C. § 286.

13. Adaptix's recovery for alleged infringement of the '748 patent, if any, is limited to alleged infringement committed no more than six years prior to the filing of this litigation, pursuant to 35 U.S.C. § 286.

### Patent Marking

14. Adaptix's recovery for alleged infringement of the '212 patent, if any, is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

15. Adaptix's recovery for alleged infringement of the '748 patent, if any, is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Lack of Standing

16. Upon information and belief, Adaptix does not have standing to bring the Complaint because Adaptix does not own all right, title, and interest to the '212 patent.

17. Upon information and belief, Adaptix does not have standing to bring the Complaint because Adaptix does not own all right, title, and interest to the '748 patent.

WHEREFORE MMI prays that this Court dismiss Adaptix's action, enter judgment that Adaptix take nothing on its claims against MMI, and award MMI its attorney's fees and costs of defending this action and such other and further relief as it may be entitled.

### COUNTERCLAIMS

### Parties

1. Motorola Mobility, Inc. ("MMI") is a Delaware corporation, having its principal place of business at 600 N. U.S. Highway 45, Libertyville, IL 60048.

2.      Upon information and belief, as alleged in its Original Complaint, Adaptix, Inc. ("Adaptix") is a Delaware corporation with its principle place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75007.  As Adaptix is the plaintiff in the above-captioned action, it may be served with a copy of these Counterclaims by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over MMI's counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331.  A real, immediate, and justiciable controversy exists between MMI and Adaptix.  The controversy relates to the invalidity, unenforceability, and non-infringement of U.S. Patent No. 7,454,212 ("the '212 patent") and U.S. Patent No. 6,947,748 ("the '748 patent").  Adaptix has accused MMI of infringing these patents.

4.      As the plaintiff in the above-captioned lawsuit, Adaptix has consented to jurisdiction and venue in this Court.

### Count 1: Declaratory Judgment of Patent Invalidity of the '212 Patent

5.      MMI incorporates by reference each preceding allegation as though expressly stated herein.

6.      Each of the claims in the '212 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

7.      Accordingly, MMI seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the claims of the '212 patent are invalid.

**Count 2: Declaratory Judgment of Non-Infringement of the '212 Patent**

8. MMI incorporates by reference each preceding allegation as though expressly stated herein.

9. MMI has not and does not infringe any valid and enforceable claim of the '212 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

10. Accordingly, MMI seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the '212 patent.

**Count 3: Declaratory Judgment of Patent Invalidity of the '748 Patent**

11. MMI incorporates by reference each preceding allegation as though expressly stated herein.

12. Each of the claims in the '748 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

13. Accordingly, MMI seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the claims of the '748 patent are invalid.

**Count 4: Declaratory Judgment of Non-Infringement of the '748 Patent**

14. MMI incorporates by reference each preceding allegation as though expressly stated herein.

15. MMI has not and does not infringe any valid and enforceable claim of the '748 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

16. Accordingly, MMI seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the '748 patent.

### Count 5: Attorneys Fees and Costs

17. MMI incorporates by reference each preceding allegation as though expressly stated herein.

18. MMI is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling MMI to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

### Jury Demand

19. MMI demands trial by a jury for all claims so triable.

### Prayer for Relief

WHEREFORE, Motorola Mobility, Inc. prays for the following relief:

(a) a declaration and judgment that U.S. Patent No. 7,454,212 is invalid;

(b) a declaration and judgment that U.S. Patent No. 7,454,212 is not infringed by MMI;

(c) a declaration and judgment that U.S. Patent No. 6,947,748 is invalid;

(d) a declaration and judgment that U.S. Patent No. 6,947,748 is not infringed by MMI;

(e) an award of reasonable attorneys' fees and costs incurred MMI in this action; and

  (f)  such other and further relief as this Court deems just and proper.

Dated: March 12, 2012

                    Respectfully submitted,

                By: /s/ *Tyler T. VanHoutan*
                   Tyler T. VanHoutan, **Attorney In Charge**
                   Texas Bar No. 24033290
                   Email: tvanhoutan@winston.com
                   Winston & Strawn LLP
                   1111 Louisiana, 25th Floor
                   Houston, Texas 77002
                   Telephone: (713) 651-2600
                   Facsimile: (713) 651-2700

                   **COUNSEL FOR DEFENDANT,**
                   **MOTOROLA MOBILITY, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 12th day of March, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/ *Tyler T. VanHoutan*