**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>MOTOROLA MOBILITY LLC and<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS,<br><br>          Defendants. | Civil Action No. 6:12-cv-0016<br><br>**JURY TRIAL DEMANDED** |

**ANSWER, DEFENSES, AND COUNTERCLAIMS
OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") hereby responds to the allegations set forth in the Complaint of Plaintiff ADAPTIX, Inc. ("Adaptix") as follows:

**PARTIES[1]**

1.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2.      No answer is required to the allegations in paragraph 2 as they are entirely directed to a defendant other than Verizon. To the extent an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies them.

3.      Paragraph 3 contains conclusions of law to which no response is required. To the

---

[1]     For convenience and clarity, Verizon's Answer utilizes the same headings as set forth in Adaptix's Complaint. In so doing, Verizon does not admit any of the allegations contained in Adaptix's headings.

extent that any response is required, Verizon avers that it is a Delaware general partnership with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and that it does business in Texas and within this District, but denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 4.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 5. Verizon further avers that venue is more appropriate and convenient in another District.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 6.

## COUNT I
**(Infringement of U.S. Patent No. 7,454,212)**

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies them.

8. No answer is required to the allegations in paragraph 8 as they are entirely

directed to a defendant other than Verizon.  To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies them..

        9.       Denied.

        10.      Verizon denies the allegations of paragraph 10 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and therefore denies them.

        11.      Verizon denies the allegations of paragraph 11 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore denies them.

## COUNT II
### (Infringement of U.S. Patent No. 6,947,748)

        12.      Paragraph 12 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies them.

        13.      No answer is required to the allegations in paragraph 13 as they are directed to a defendant other than Verizon.  To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies them.

        14.      Denied.

        15.      Verizon denies the allegations of paragraph 15 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies them.

16. Verizon denies the allegations of paragraph 16 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and therefore denies them.

## PRAYER FOR RELIEF

Verizon denies that Adaptix is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

Verizon denies that Adaptix is entitled to a trial by jury on any of the claims raised in its Complaint.

## VERIZON'S DEFENSES TO ADAPTIX'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

Adaptix is not entitled to any relief against Verizon because Verizon has not directly infringed any claim of U.S. Patent Nos. 7,454,212 ("the '212 patent") or 6,947,748 ("the '748 patent") and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the '212 patent or the '748 patent under 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

One or more claims of the '212 patent or the '748 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

Adaptix's purported claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Adaptix's purported claims are barred, in whole or in part, by waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Adaptix's purported claims are barred, in whole or in part, by the doctrines of estoppel and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

Adaptix is not entitled to injunctive relief because any alleged injury to Adaptix is neither immediate nor irreparable, and Adaptix has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Adaptix's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Verizon, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

## NATURE OF THE ACTION

1. These Counterclaims arise from Adaptix's baseless allegations of infringement against Verizon.

2. According to the allegations set forth in the Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '212 patent and the '748 patent, including the rights to sue and recover for infringement.

3. Adaptix has accused Verizon of directly infringing, contributing to the infringement of, or inducing others to infringe the '212 patent and the '748 patent. Verizon denies that any of its products infringe any valid or enforceable claim of the '212 patent or the '748 patent.

4. An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '212 patent and the '748 patent, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

5. These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '212 patent and the '748 patent. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Adaptix because Adaptix has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6. Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in another District.

## PARTIES

7. Counterclaim-Plaintiff Verizon is a general partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.

8. According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 208 Akard Street, Dallas, Texas 75202.

## COUNTERCLAIM COUNT I
### (Non-Infringement of U.S. Patent No. 7,454,212)

9. Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '212 patent as properly construed.

11. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '212 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II
### (Invalidity of U.S. Patent No. 7,454,212)

12. Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if set forth fully herein.

13. One or more claims of the '212 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

14. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '212 patent is invalid.

## COUNTERCLAIM COUNT III
### (Non-Infringement of U.S. Patent No. 6,947,748)

15. Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8

as if fully set forth herein.

16. Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '748 patent as properly construed.

17. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '748 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT IV
### (Invalidity of U.S. Patent No. 6,947,748)

18. Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

19. One or more claims of the '748 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

20. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '748 patent is invalid.

## PRAYER FOR RELIEF

WHEREAS, Verizon requests that this Court enter a judgment in its favor and against Adaptix as follows:

    (a)    Dismiss the Complaint in its entirety, with prejudice;

    (b)    Enter judgment in favor of Verizon and against Adaptix;

(c) Declare that the '212 patent has not been infringed by Verizon;

(d) Declare that the '212 patent is invalid and unenforceable;

(e) Declare that the '748 patent has not been infringed by Verizon;

(f) Declare that the '748 patent is invalid and unenforceable;

(g) Declare that Adaptix is estopped from obtaining any relief from Verizon on its purported claims;

(h) Declare that this is an exceptional case under 35 U.S.C. § 285 and award Verizon its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

(i) Grant such further relief to Verizon as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with FED. R. CIV. P. 38(b), Verizon demands a trial by jury on all issues so triable.

Dated: April 13, 2012                              Respectfully submitted,

**OF COUNSEL:**

By: */s/ Michael E. Jones*

Mark D. Flanagan                Michael E. Jones
Robert Galvin                   State Bar No. 10929400
Samuel J. Maselli               **POTTER MINTON, P.C.**
WILMER CUTLER PICKERING         110 North College, Suite 500
HALE AND DORR LLP               Tyler, Texas 75710-0359
950 Page Mill Road              Tel: (903) 597-8311
Palo Alto, CA 94304             mikejones@potterminton.com
Tel.: (650) 858-6000
Facsimile: (650) 858 6100
Mark.Flanagan@wilmerhale.com    *Attorneys for Defendant and Counterclaim-Plaintiff*
Robert.Galvin@wilmerhale.com    *Cellco Partnership, Inc. d/b/a Verizon Wireless*
Samuel.Maselli@wilmerhale.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 13, 2012. Any other counsel of record will be served by First Class U.S. mail on this same date.

                  */s/ Michael E. Jones*